**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**

HELDER PIRES MACEDO

        v.                                        Civil No. 26-cv-36-JL-TSM

CHRIS BRACKETT, SUPERINTENDENT,
    STRAFFORD COUNTY DEPARTMENT OF
    CORRECTIONS
DAVUD WESLING, ACTING DIRECTOR, BOSTON
    FIELD OFFICE, UNITED STATES
    IMMIGRATION AND CUSTOMS
    ENFORCEMENT

**O R D E R**

Petitioner is a forty-two-year-old noncitizen, originally from Portugal, who is also a citizen of Cape Verde.  Petitioner was granted Lawful Permanent Resident ("LPR") status in 1996 when he was 13 years old.  Petitioner filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1), challenging his detention at the Strafford County Department of Corrections ("SCDC") in United States Immigration and Customs Enforcement ("ICE") custody.  The Petition is before this court to determine whether the claims asserted are not facially invalid and may proceed.  See Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); see also § 2254 Rule 1(b); LR 4.3(d)(4).

Petitioner asserts that he was arrested by ICE on April 13, 2025 at Logan Airport in Boston, Massachusetts, when he returned to the United States after a less-than-two-months-long trip to Cape Verde.  ICE treated Petitioner as an arriving alien based on Petitioner's 2013 conviction for possessing marijuana with the intent to distribute.  Petitioner was detained pursuant to 8 U.S.C. § 1225(b)(2)(A) and placed in removal proceedings.

In August 2025, Petitioner filed a motion to vacate his conviction in the Boston Municipal Court ("BMC"), and sought to continue his removal proceedings until his motion to vacate was

resolved. The Immigration Court denied Petitioner's motion to continue and, on September 8, 2025, ordered Petitioner removed to Portugal or Cape Verde. On September 25, 2025, the BMC vacated Petitioner's 2013 conviction. Petitioner then filed a motion in Immigration Court seeking to stay his removal, and to reopen and terminate his removal proceedings. The Immigration Court stayed his removal, reopened his removal proceedings, and on November 20, 2025, terminated those proceedings because Petitioner was not removable as charged by the Department of Homeland Security.

Petitioner has remained detained in ICE custody since April 2025 without a bond hearing before a neutral decisionmaker. Petitioner further asserts that his detention has been unreasonably prolonged. On those bases, Petitioner asserts violations of his Fifth Amendment due process rights. Petitioner's claim for relief here appears to be substantially similar to that asserted by a different petitioner in this court, in Destino v. Tatum, 25-cv-374-SE-AJ (D.N.H. Dec. 24, 2025) (ECF No. 9). In Destino, another judge of this court found that ICE's detention of the petitioner in that case without a bond hearing violated the Fifth Amendment's Due Process Clause.

The court cannot determine at this time that Petitioner's claims here are invalid. Therefore, the Clerk's office shall:

- Provide an electronic copy of this Order to the Civil Bureau Chief of the Office of the U.S. Attorney for the District of New Hampshire as soon as is practicable;

- Deliver a copy of the Petition and this Order to the Office of the U.S. Attorney for the District of New Hampshire, to the attention of the Civil Process Clerk;

- Serve the SCDC Superintendent by sending a copy of the Petition and this Order, by email, to Strafford County Attorney Emily Garod at: egarod@straffordcounty.gov, and copy that email to Meghan Raiche at mraiche@straffordcounty.gov, and the SCDC Superintendent at cbrackett@straffordcounty.gov.

- Send copies of the Petition and this Order by certified mail to:

    o **Director**, Boston Field Office, U.S. Immigration and Customs Enforcement, 1000 District Ave., Burlington, MA 01803; and

2

    o  **U.S. Attorney General**, 950 Pennsylvania Ave. NW, Washington, D.C. 20530.

The federal Respondents are directed to show cause, within three days of the date of this Order, why the court should not issue an order granting the petition in this case to the extent of ordering the government to afford Petitioner a bond hearing, pursuant to Petitioner's Fifth Amendment right to due process, consistent with the court's analysis in <u>Destino</u>.

The SCDC Superintendent must file an appearance in this matter within fourteen days of service upon him. The SCDC Superintendent is not required to file an answer or other response to the petition until further court order.

Any party may request a status conference at any time, including before service on Respondents is complete.

Respondents shall provide this court with at least 72 hours of advance notice of any scheduled removal or transfer of Petitioner out of this court's jurisdiction. Such notice shall be filed in writing in the docket of this proceeding, shall state the reasons for such action, and shall state why the removal or transfer should not be stayed pending further court proceedings. Notice of Petitioner's release from custody may be provided after the fact.

SO ORDERED.

_____
Talesha L. Saint-Marc
United States Magistrate Judge

January 26, 2026

cc:    Counsel of Record

3