UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Helder Pires Macedo

v.                                                                Case No. 26-cv-36-JL

Wesling et al.

**SUMMARY SHOW CAUSE ORDER**

**I.    Show cause order**

*Due process.* On December 24, 2025, Chief Judge Elliott ordered a bond hearing for a habeas petitioner who was paroled into the United States and re-detained three years later, after living continuously in the United States and complying at all times with conditions set by immigration officials. *See Destino v. FCI Berlin, Warden*, No. 1:25-CV-374-SE-AJ, 2025 WL 4010424, at *1-2 (D.N.H. Dec. 24, 2025) (Elliott, C.J.).  The court found that, in light of the petitioners' connections to and continued presence in the United States, the Due Process Clause of the United States Constitution prohibited his detention without a timely bond hearing. *Id.* at *7, 14.  In *Fils-Aime v. FCI Berlin, Warden*, No. 1:25-CV-287-JL-TSM, 2025 WL 3063164 (D.N.H. Oct. 31, 2025) this court found that the petitioner's prolonged detention without a bond hearing under 8 U.S.C. §§ 1225(b) and 1231(a) violated the Due Process Clause where the removal order was under appeal, the petitioner himself was not responsible for the continuing delay, and the petitioner was being held in a correctional facility. *Id.* at *3-5.

The petitioner, Helder Pires Macedo, is not subject to a removal order, and is currently being held pending an appeal initiated by the Department of Homeland Security.  He has lived in the United States as a legal permanent resident for nearly 30 years.  He has been in detention since April 2025, when he arrived back in the United States after a short trip.  Accordingly, the respondents are directed to show cause in writing on or before **February 3, 2026** why this court should not order the same relief ordered in *Destino* and *Fils-Aime*.

Alternatively, written verification that petitioner has received, or is scheduled to receive on a date certain, a bond hearing, shall constitute compliance with this order.

**II.    Notice of transfer**

While this case remains pending, the petitioner shall not be transferred outside the District of New Hampshire or outside the jurisdiction of the United States unless the government provides advance notice of the intended move.  Such notice shall be filed in writing on the docket of this proceeding, and shall state the reason

for the necessity of such action and why the move should not be stayed pending further court proceedings.  Once that notice has been docketed, the petitioner shall not be moved out of the district of his detention for a period of at least 72 hours from that docketing.


        SO ORDERED.

_____
Joseph N. Laplante
United States District Judge

Dated: January 27, 2026

Cc: Counsel of record

2