UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Helder Pires Macedo

    v.      Case No. 26-cv-36-JL

David Wesling, et al.

## ORDER

    Before the court is the habeas petition brought by Helder Pires Macedo challenging his ongoing ICE detention.  In its response to the court's order to show cause why it should not afford the petitioner the same relief ordered in *Fils-Aime v. FCI Berlin, Warden*, No. 1:25-CV-287-JL-TSM, 2025 WL 3063164 (D.N.H. Oct. 31, 2025),[1] the respondents "object[ed] to Petitioner receiving a bond hearing"[2] and stated their belief that *Fils-Aime* was wrongly decided, but otherwise "concede[d] that if the Court continues to adhere to the reasoning in *Fils-Aime*, and applies that reasoning here, the same result will issue."[3]  The respondents, like the petitioner, acknowledge that the four-part test used in *Fils-Aime* would favor the petitioner's release here.[4]

    Thus, no cause having been shown, the court GRANTS the petition[5] for a bond hearing based on the reasoning in *Fils-Aime*, and orders the respondents to provide the petitioner with a bond hearing as soon as practicable.  The petition is denied in all other respects.  The parties shall file a status report within 10 days of this order.

    SO ORDERED.

_____
Joseph N. Laplante
United States District Judge

Dated: February 5, 2026

Cc: Counsel of record

---

[1] Show Cause Order (doc. no. 8).
[2] Response (doc. no. 11-1) at 3.
[3] Response (doc. no. 11-1) at 1.  The respondents did not concede that the reasoning in *Destino v. FCI Berlin, Warden*, No. 1:25-CV-374-SE-AJ, 2025 WL 4010424, at *1-2 (D.N.H. Dec. 24, 2025) (Elliott, C.J.) applies to Macedo's petition, while also maintaining that *Destino* was wrongly decided.  Because the court grants relief under *Fils-Aime*, it does not take up the respondent's arguments regarding *Destino*'s applicability here.
[4] *Id.* at 2-3; Pet. Writ Habeas Corpus (doc. no. 1) at 13-14.
[5] Pet. (doc. no. 1).