UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Helder Pires Macedo

v.                                                    Case No. 26-cv-36-JL

David Wesling. et al.

**SUMMARY ORDER FOR BOND HEARING**

Before the court is the habeas petition brought by Helder Pires Macedo
challenging his ongoing ICE detention.

***Procedural history.*** On February 5, 2026 the court, under the reasoning set forth
in *Fils-Aime v. FCI Berlin, Warden*, No. 1:25-CV-287-JL-TSM, 2025 WL 3063164
(D.N.H. Oct. 31, 2025), ordered the respondents to provide the petitioner with a bond
hearing as soon as practicable.[1] On February 10, 2026, the Chelmsford Immigration
Court conducted a bond hearing but denied bond after adopting the reasoning proffered
by an attorney representing the Department of Homeland Security (one of the
respondents in this case) that Macedo's detention was mandatory under 8 U.S.C. §
1226(c),[2] and making an alternative finding that Macedo had been shown to be a danger
to the community.[3]  Macedo, arguing that the IC misconstrued this court's bond order by
holding that Macedo was ineligible for bond under 1226(c), moved to request that this
court enforce its February 10 order by either releasing him under conditions or by

---

[1] Bond Order (doc. no. 12).

[2] Mot. Enforce (doc. no. 14) at 3. The IC did not specify which provision under § 1226(c)
authorized Macedo's detention.  DHS made arguments for mandatory detention before the IC
that appeared to correspond to §§ 1226(c)(1)(A), (B) and (C).  *See* Transcript (doc. no. 17-1) at
4:9-6:15.  Although the applicability of § 1226(c) is not strictly at issue here, the court notes that
none of the three sections appear to apply to Macedo: his conviction has been vacated, he never
received a sentence of at least one year, and a previous IC found that he was not removable as
charged by DHS.  *See* Pet. Habeas Corpus (doc. no. 1) at 7.

[3] *Id*. at 11:14-17.  The IC made its "alternative" finding of dangerousness without hearing
argument on the point or noting any evidence on which its finding rested. In fact, at the bond
hearing, DHS eschewed any argument on the petitioner's dangerousness as "irrelevant," and
argued that the IC lacked jurisdiction to make a determination on bond because, under § 1226(c),
Macedo was "ineligible for custody redetermination."  *See id*. at 4:2-5, 9:4-7.  The IC agreed
with DHS's position, holding that "[Macedo] is subject to mandatory detention under INA 236(c)
and therefore the court is denying bond."  *Id*. at 11:2-5.  This court accordingly holds, based on
the government's position in front of the IC and the IC's affirmation of that position, that it
lacked jurisdiction to make its alternative finding.

conducting a bail hearing.[4]  This court declines to provide that relief but instead enforces its original February 10 order for a constitutionally sufficient bond hearing.

*Analysis.*  The respondents did not raise mandatory detention under § 1226(c) in response to this court's order to show cause why it should not afford Macedo the same relief ordered in *Fils-Aime*.[5]  More importantly, the reasoning in the court's order in *Fils-Aime*, and by extension its February 5 order in this case, was based on the length of the petitioner's detention and his constitutional right to a bond hearing.  Regardless of whether § 1225(b) or § 1226(c) governs Macedo's detention, based on the reasoning in *Fils-Aime* and articulated by the government in its response to the court's January 27 show-cause order,[6] the petitioner's detention without a constitutionally-adequate bond hearing has been unreasonably prolonged.

*Relief.*  Thus, the court **GRANTS** the motion to enforce[7] and orders the respondents to provide Macedo with a constitutionally adequate bond hearing by March 13, 2026, where the government bears the burden to "(1) prove by clear and convincing evidence that [the petitioner] poses a danger to the community or (2) prove by a preponderance of the evidence that [he] poses a flight risk." *Hernandez Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021).  The motion to enforce is denied in all other respects.  The parties shall file a status report by March 19, 2026.

SO ORDERED.

_____
Joseph N. Laplante
United States District Judge

Dated: March 9, 2026
Cc: Counsel of record

---

[4] Mot. Enforce (doc. no. 14) at 6.
[5] Show Cause Resp. (doc. no. 11-1); *see also* Show Cause Order (doc. no. 8).
[6] Show Cause Resp. (doc. no. 11-1) at 2-3.
[7] Mot. Enforce (doc. no. 14).